```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| YAMAHA MOTOR FINANCE CORPORATION, U.S.A., | No. 1:20-cv-04696-NLH-JS |
| Plaintiff, | OPINION |
| v. | |
| ML COUNTRY CLUB LLC, | |
| Defendant. | |

**APPEARANCES**:

MARTIN C. BRYCE, JR.
SADE C. CALIN
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002

> *Attorneys for Plaintiff Yamaha Motor Finance Corporation, U.S.A.*

E. RICHARD DRESSEL, I
JEREMY S. COLE
LEX NOVA LAW, LLC
1810 CHAPEL AVENUE
SUITE 200
CHERRY HILL, NJ 08002

> *Attorneys for Defendant ML Country Club LLC.*

**HILLMAN**, **District Judge**

This matter concerns a dispute over whether Defendant ML Country Club LLC has breached its leasing agreement for golf carts. Plaintiff Yamaha Motor Finance Corporation, U.S.A.

alleges that the parties entered into the leasing agreement on December 1, 2016, under which Plaintiff leased Defendant 75 golf carts, and Defendant agreed to make twenty-four (24) payments starting May 1, 2017 and ending October 1, 2020. (ECF No. 1 at ¶ 8-11). Plaintiff further alleges that Defendant breached the Lease Agreement by failing to make the payment that became due in June 2019, and has continued to fail to make the required payments ever since. After attempts to resolve the dispute out of court failed, Plaintiff commenced this action on April 21, 2020, asserting five state law causes of action for breach of lease agreement, unjust enrichment, replevin, specific performance, and conversion.

On May 12, shortly after filing its Complaint, Plaintiff filed the presently pending Motion for Return of Property. (ECF No. 12). In its motion, Plaintiff requests that the Court issue a writ of replevin pursuant to New Jersey state law granting them possession of the golf carts pending final judgment. According to Plaintiff, the motion must be analyzed and ruled upon based on the relevant state laws governing pre-judgment remedies in the form of a writ of replevin. Defendant has opposed the motion, arguing instead that, at its core, Plaintiff's motion is in fact a motion for a preliminary injunction, and that therefore the relevant analytical framework for ruling on the motion is the federal standard for granting

2

preliminary injunctions pursuant to Federal Rule of Civil Procedure 65.  (ECF No. 12).  Accordingly, the Court issues this Opinion to clarify the proper standard under which Plaintiff's motion will be analyzed, and to set forth the next steps to be taken in this proceeding.

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### B. Analysis

As explained above, before the Court can properly analyze and rule upon the present motion, it must first resolve the parties' initial dispute over which statute, and which standards, apply — and whether Plaintiff's "Motion for Return of Property" must instead be refiled in the form of a motion for a preliminary injunction.  Plaintiff seeks a writ of replevin under N.J.S.A. 2B:50-1, N.J.S.A. 2B:50-2, and New Jersey Court Rule 4:61-2, the New Jersey statutes and Court Rule governing replevin actions and writs of replevin in New Jersey.  It argues that these provisions are made applicable to this proceeding under Federal Rule of Civil Procedure 64, which provides that in a federal action "every remedy is available that, under the law of the state where the court is located, provides for seizing a

3

person or property to secure satisfaction of the potential judgment," and explicitly lists replevin as an available remedy.

Defendant, alternatively, argues that Plaintiff's motion, which seeks the remedy of an order granting it pre-judgment possession over the golf carts in question, is actually seeking relief in the form of a preliminary injunction.  Defendant argues that, as this action is in federal court, the relevant rule to apply here is instead Federal Rule of Civil Procedure 65, which governs preliminary injunctions.  As the central support for its argument, Defendant points the Court to VW Credit, Inc. v. CTE2, LLC, No. 2:19-cv-19523-CCC-ESK, 2019 WL 6649381 (D.N.J. Dec. 6, 2019) and Israel Discount Bank of N.Y. v. H.N. Int'l Grp. Inc., No. 16-6258-BRM-LHG, 2016 WL 6023155 (D.N.J. Oct. 14, 2016).  Defendant argues that both of those cases addressed requests for writs of replevin by applying the relevant standards for preliminary injunctions, and that they demonstrate that this is the proper approach for ruling on the present motion here.

Having reviewed the relevant rules and case law, the Court agrees with Plaintiff, and finds that New Jersey law on writs of replevin and the relevant standards it provides govern here by application of Federal Rule of Civil Procedure 64, separate and independent of Rule 65.  Having reviewed the cases cited to by Defendant, the Court finds that they do not support its

4

argument.  Defendant is correct that the courts in VW Credit and Israel Discount Bank analyzed those plaintiffs' requests for writs of replevin by applying the standard elements parties must demonstrate in moving for a preliminary injunction. VW Credit, 2019 WL 6649381 at *1-2; Israel Discount Bank, 2016 WL 6023155 at *3.  However, closer review of those opinions makes clear that the plaintiffs had actively pursued their requested remedies under the standards for a preliminary injunction.  The plaintiff in VW Credit filed an application for "preliminary injunctive relief of an Order of Possession and Writ of Replevin," which went unopposed by the defendant in that action. 2019 WL 6649381 at *1.  Similarly, the plaintiff in Israel Discount Bank filed a motion "seek[ing] a temporary restraining order, pursuant to Fed. R. Civ. P. 65."  2016 WL 6023155 at *3. Accordingly, faced with the purposeful decisions of the plaintiffs before them to file motions for preliminary injunctions, those courts applied the relevant federal standard for preliminary injunctions.

    However, courts in this district faced with motions for pre-judgment writs under Rule 64 that were not accompanied by any motion for a preliminary injunction have simply applied the relevant New Jersey laws and standards.  In GE Capital Corp. v. Oncology Assocs. of Ocean Cty. LLC, No. 10-1972 (AET), 2011 WL 6179255 (D.N.J. Dec. 12, 2011), the court was faced with exactly

5

such a situation.  There, a magistrate judge had previously issued a report and recommendation granting the plaintiff's party's "motion for replevin."  Id. at 1.  After the defendants objected to the magistrate judge's recommendation and report, the court, engaging in *de novo* review, directly applied the "probability of final judgment" standard put forth by N.J.S.A. 2B:50-2 for granting pre-judgment writs of replevin and adopted the report and recommendation.  Id. at 4, 7.

Further, while there is limited case law directly addressing writs of replevin under New Jersey law and Rule 64 in this district, the Court's review of prior cases analyzing closely related motions for writs of attachment in this district reveals that those cases follow the same pattern.  Writs of attachment are governed by similar New Jersey laws, N.J.S.A § 2A:26-2(a) and New Jersey Court Rule 4:60-5(a), and like writs of replevin are made applicable to proceedings in federal court under Rule 64.  In cases where the plaintiff chose to file a motion for a preliminary injunction requesting a pre-judgment writ of attachment, some courts have utilized the standards and elements for preliminary injunctions under federal law.  See, e.g., Edelson v. Cheung, No. 13-5870 (JLL), 2015 WL 5316651, at *4-5, 8 (D.N.J. 2015).  However, in cases in which the party simply filed a motion for a writ of attachment, courts have stated that under Rule 64 the relevant state law governs such

6

motions, and then directly applied the relevant N.J.S.A. provision and applicable New Jersey Court Rule to the issue. See, e.g., Scaba v. Jetsmarter, Inc., No. 18-17262 (MAS) (DEA), 2019 WL 3947510, at *7-8 (D.N.J. 2019); Wilson v. Parker, No. 18-2954-BRM-DEA, 2018 WL 6696783, at *6-7 (D.N.J. 2018).  As such courts have noted, "[p]ursuant to Federal Rule of Civil Procedure 64, a federal court must apply the laws of the state in which it sits in determining whether" pre-judgment remedies are appropriate.  Wilson, 2018 WL 6696783, at *6 (citing Granny Goose Foods v. Bhd. of Teamsters, Local No. 70, 415 U.S. 423, 436 n.10 (1974)).  See also 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. §§ 2932-2933 (3d ed.) (stating that "state law ordinarily determines when and how a provisional remedy is obtained" and "provisional remedies usually are available under the circumstances and in the manner provided by state law").

Lastly, the Court applies the interpretative standard that Rule 64 and 65 must be read *in pari materia* so as to determine the meaning and scope of each of them and to avoid redundancies and surplusage.  Like Rule 65, Rule 64 allows for preliminary relief prior to a final judgment: "provid[ing] for seizing a person or property to secure the satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).  By the plain language of the Rule, such remedies are available "[a]t the commencement of and

7

throughout an action . . . ." Id. Moreover, the rule expressly provides for the application of a state standard for the availability of the remedy, as this case demonstrates a standard that may or may not be the same standard for a preliminary injunction.[1] Simply put, if a motion for replevin, or arrest or attachment for that matter, were governed by Rule 65, a Rule which also provides for interim relief, there would no need for Rule 64. Clearly, the structure and plain language of the Rules, when read side by side, counsel that certain unique common law pre-judgment remedies may be sought under Rule 64 and not solely under Rule 65.

Accordingly, the Court finds that through Rule 64, New Jersey state law governing writs of replevin applies to Plaintiff's motion. N.J.S.A. § 2B:50-1 provides that "[a] person seeking recovery of goods wrongly held by another may bring an action for replevin in the Superior Court. If the person establishes the cause of action, the court shall enter an order granting possession." N.J.S.A. § 2B:50-2, which governs pre-judgment writs, states that "[i]f the court, after notice

---

[1] As set forth below, a party seeking replevin must merely show "a probability of final judgment for plaintiff." N.J.S.A. § 2B:50-2. While this is likely an analog to Rule 65's likelihood of success standard, a moving plaintiff under New Jersey state law need not also show irreparable harm, and if those first two prongs are met, that the balance of harms and public policy support interim relief.

8

and hearing, and based upon filed papers and testimony, if any, finds a probability of final judgment for the plaintiff, it may, prior to final judgment: a. grant possession of the goods to the plaintiff; or b. order other just relief."  Plaintiff here has alleged a cause of action for replevin, and now seeks a writ of replevin granting it pre-judgment possession of the golf carts in question.  Therefore, the relevant question before this Court for the purposes of the present motion is whether Plaintiff has a "probability of final judgment" on its claims in this action.

The Court further finds that oral argument will aid in the Court's analysis of Plaintiff's motion.  Accordingly, the Court will order the parties to contact the Court's Courtroom Deputy for the purposes of setting a date and time convenient to both parties and the Court for a hearing using Zoom.gov technology to be conducted in the next 30 days.  The Court will further order the parties to file a joint letter to the Court by December 18, 2020, advising the Court on the parties' views as to whether live remote testimony at that hearing is necessary for the purposes of Plaintiff's motion.

An appropriate Order will be entered.


Date: December 14, 2020              /s Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

9